IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

ORIGINAL GINO'S, INC.,

                Plaintiff,           Case No. 3:05 CV 7041

      -vs-

                                        MEMORANDUM   OPINION

OLIVER PRODUCTS COMPANY,

                Defendant.

KATZ, J.

Before the Court is Plaintiff's motion to remand and supporting memorandum (Doc. No. 7).  Defendant has filed an opposition and Plaintiff a reply.  After consideration of the issues involved, the Court will deny Plaintiff's motion to remand and retain jurisdiction of this case.

On January 3, 2005 Plaintiff filed its complaint against the Defendant Oliver Products Company.  On February 8, 2005 the Defendant timely filed its notice of removal to this Court pursuant to 29 U.S.C. § 1332.  The only issue before the Court is whether the amount in controversy at the time of removal was in excess of $75,000.

While the parties spar as to that issue, this Court must determine by a preponderance of the evidence whether the amount in controversy at the date of the filing exceeds the jurisdictional requirement of $75,000.  *Firestone Financial Corp. v. Syal*, 327 F.Supp.2d 809 (N.D. Ohio 2004), *Gafford v. General Electric Co.*, 997 F.2d 150 (6th Cir. 1993).  The parties dispute the propriety of looking to extrinsic evidence to determine the jurisdictional dollar amount, but clearly this Court

and others have looked to evidence other than that contained in the complaint and the notice of removal.

While Plaintiff contends that the amount in controversy is less than $75,000, and Defendant, of course, contends it has no liability whatsoever, the February 23, 2005 letter (attached to Defendant's Memo in opp.) from legal counsel for the Plaintiff clearly indicates a claim in excess of $75,000 composed of a total increase over a four year period of approximately $100,000 in worker's compensation premiums and a claim for in excess of $15,000 as a reimbursement of a fine assessed by OSHA against the Plaintiff. In light of those amounts this Court, like the court in *Sanford, et al. v. Gardenour*, 225 F.3d 659 (6th Cir. 2000), finds that Plaintiff is estopped from asserting, for removal purposes only, that its case is worth less than $75,000. As a result, Plaintiff's motion to remand is denied.

Both parties have asserted the right to legal fees which the Court will deny.

A case management conference is set for January 25, 2006 at 12:00 p.m.

IT IS SO ORDERED.

                              s/ *David A. Katz*
                              DAVID A. KATZ
                              SENIOR  U. S. DISTRICT JUDGE